KELLY CHESLER, et al.,

        **Plaintiffs,**

v.

CITY OF JERSEY CITY, et al.,

        **Defendants.**

Civil Action No. 2:15-cv-1825-SDW-ESK

**OPINION AND ORDER**

**EDWARD S. KIEL, Magistrate Judge**

This matter comes before the Court on the motion by plaintiffs Joseph Ascolese and Kelly Chesler ("Plaintiffs"), for leave to amend and supplement the Complaint pursuant to Federal Rule of Civil Procedure (the "Rules" or "Rule") 15(a) and (d) (the "Motion"). (ECF No. 58.) Defendant City of Jersey City ("Jersey City") opposes the Motion, with defendants John Peters, Terrence Crowley, James Shea, Philip Zacche, and Joseph Connors joining in Jersey City's opposition (collectively, "Defendants"). This Court has considered Plaintiffs' submission and the oppositions thereto, and decides this matter pursuant to Rule 78. For the reasons that follow, Plaintiffs' Motion is hereby GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

### A.    The Initial Complaint and Administrative Dismissal

The Complaint in this matter was filed on March 11, 2015. (ECF No. 1 ("Compl.").) Plaintiff Kelly Chesler ("Chesler"), a Jersey City Police Officer, alleged that she had been sexually harassed by other Jersey City Police Officers and had been retaliated against by her employer, Jersey City, when she reported the offending conduct. (*See* Compl. ¶ 1.) Plaintiff Joseph Ascolese ("Ascolese"), who served as captain in the Jersey City Police Department,

reported Chesler's sexual harassment complaints up "his chain of command" and alleges that he was retaliated against as a result. (*Id.* at ¶¶ 64–74.) Plaintiffs bring this suit against Jersey City and several Jersey City Police Officers in their official and individual capacities. Defendants filed Answers to the Complaint in April 2015. (ECF Nos. 4, 5.)[1]

The Court entered an Initial Scheduling Order on June 22, 2015 (ECF No. 9), which was amended twice extending fact discovery to September 30, 2016. (ECF Nos. 22, 31.) On June 14, 2016, the Hudson County Grand Jury returned an Indictment (the "Indictment") charging Plaintiffs[2] with various crimes involving an alleged scheme to permit, allow, or approve improper payments in connection with an off-duty detail related to the anticipated traffic issues resulting from the temporary closure of the Pulaski Skyway. (Lytle Declaration ("Lytle Decl."), ECF No. 58-2, ¶ 8.)[3] On June 27, 2016, the Court administratively terminated this action during the pendency of the criminal proceedings "without prejudice to any party's right to request that the Court reopen the action at the appropriate time." (ECF No. 37.)

## B.      This Action Was Reopened After Dismissal Of The Criminal Proceedings

Jury selection for the criminal trial began on August 15, 2018. (ECF No. 39 at 1.) The trial began on September 5, 2018. (Lytle Decl., ECF No. 58-2, ¶ 11.) On October 23, 2018, the

---

[1] Defendants John Peters and Terrence Crowley filed cross-claims for indemnification and contribution against their co-defendants. (ECF No. 5.)

[2] Officers Michael Maietti and Michael O'Neal, of the Jersey City Police Department, were also charged in the Indictment. (Lytle Decl., ECF No. 58.2, ¶8.)

[3] Ascolese's Motion papers refer to the "Certification of Robert Lytle." The Court notes that the "Certification" contains an invalid jurat. *See* 28 U.S.C. § 1746; *United States ex. rel. Doe v. Heart Sol., PC,* 923 F.3d 308, 315–16 (3d Cir. 2019).

Hudson County Prosecutor's Office dismissed all charges in the Indictment against Plaintiffs prior to the end of the State's case. (ECF No. 39 at 1.)[4]

On February 19, 2019, Chesler asked the Court to reopen this matter. (ECF No. 39.) This action was reopened on February 22, 2019. (ECF No. 41.) On March 8, 2019, the parties submitted a proposed schedule for further proceedings in response to the Court's request. (ECF No. 48.) The proposed schedule outlined a briefing schedule relating to a proposed amended complaint. (*Id.*) The Court directed Plaintiffs to provide a red-lined version of the proposed amended complaint ("Amended Complaint" or "Amend. Compl.") to inform Defendants of the proposed changes. (ECF No. 50.) After being advised that some Defendants objected to the proposed Amended Complaint, the Court directed Plaintiffs to move for leave to file an amended complaint by May 10, 2019. (ECF No. 56.)

Plaintiffs timely filed the pending Motion. (ECF No. 58.)

### C.    The Proposed Amended Complaint

According to Plaintiffs, the proposed Amended Complaint seeks to "amend and supplement" the Complaint by: (1) updating and adding "certain facts" that were discovered during the criminal proceedings and over the time this action has been administratively terminated; (2) adding facts relating directly to the criminal investigation that resulted in the Indictment; (3) adding Robert Sjosward ("Sjosward") as a defendant; and (4) adding Jennifer Ascolese as an additional Plaintiff, with a *per quod* claim against all Defendants. (ECF No. 58-1 at 2–3.)

---

[4] Defendants' opposition to the Motion does not dispute these facts or the chronology. (ECF. No. 63.)

Defendants do not oppose the Motion insofar as Plaintiffs seek to add additional facts to the Amended Complaint.  Defendants, however, oppose the Motion to the extent Plaintiffs seek to add Sjosward as a defendant and Jennifer Ascolese as a Plaintiff on the basis that the claims for and/or against same would be "futile."  Defendants further argue that the Motion should be denied in the interest of judicial economy.  (Defendants' Brief ("Defs. Br.") at 20-22.)

Defendants' objections to the proposed amendments can be classified into three categories.  First, Defendants argue that Plaintiffs' proposed amendments to the Complaint adding claims against Sjosward for a violation of the New Jersey Conscientious Employee Protection Act ("CEPA") and for a violation of the New Jersey Law Against Discrimination ("LAD") for retaliation are futile because Plaintiffs fail to allege that they were retaliated against by Sjosword.  (N.J.S.A. 34:19-1 *et seq.*; Defs. Br. at 4.)  Second, Defendants argue that Plaintiffs' New Jersey Civil Rights Act claim and Conspiracy claim are futile because they are improper and impermissible "group pleadings" and fail to allege any factual allegations against Sjosward. (Defs. Br. at 15.)  Third, Defendants argue that Plaintiffs' *per quod* claim is futile and must fail because Sjosward "did not commit any wrongdoing" and Plaintiffs fail to allege any facts to the contrary.  (*Id.* at 19.)

### D.     Standard On Motions To Amend And Supplement Pleadings

Plaintiffs move to amend and supplement their pleadings under Rules 15(a) and 15(d). Where, as here, responsive pleadings in an action have been filed, and 21 days have elapsed, a plaintiff may seek to amend the complaint only by leave of court.  *See* Fed.R.Civ.P. 15(a)(1)(B). However, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." *Id*.; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  A motion to amend should be denied when an "amendment would cause undue delay or prejudice, or that amendment would be

futile." *Winer Family Tr. v. Queen*, 503 F.3d 319, 330–31 (3d Cir. 2007) (citation omitted).  An

amendment is futile when it advances a claim that "would fail to state a claim upon which relief

could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Rule 15(d) governs: (1) supplemental pleadings; and (2) when a party may seek leave to

serve a supplemental pleading setting forth transactions, occurrences, or events, that have

happened since the date of the pleading sought to be supplemented.  Leave to supplement a

complaint pursuant to Rule 15(d) should also be freely permitted in the absence of undue delay,

bad faith, undue prejudice to the defendants, or futility, and when supplemental facts are

connected to the original pleading.  *Hassoun v. Cimmino*, 126 F.Supp.2d 353, 361 (D.N.J.

2000).[5]  In addition, the decision to permit a supplemental pleading is within this Court's

discretion.

For the reasons that follow, the Court rejects Defendants' futility arguments.  The Court

further finds there to be no undue delay or prejudice to warrant denial of the Motion to amend

under Rule 15(a) or Rule 15(d).

### E.    Plaintiffs' Proposed Amendments Meet the Low Standard Under Rule 15(a) and Rule 15(d)

Defendants argue that this Court should deny Plaintiffs' Motion because Plaintiffs'

amendments are futile.  Defendants, however, lack standing to argue the merits of Plaintiffs'

proposed amendments as to the claims against Sjosward, and therefore, may not contest whether

---

[5] The parties in their submissions advance the same legal analyses for Rule 15(a) and Rule 15(d).  Seeing as the analysis for Rule 15(a) and Rule 15(d) are nearly identical, this Court will also analyze the application of both Rules in tandem.  The Court notes, however, that the additional considerations under Rule 15(d), namely, preserving judicial economy, avoiding multiplicity of litigation, and the Court's interest in promoting as complete an adjudication of the dispute between the parties as possible have been considered as part of this decision and weigh in favor of granting Plaintiffs' motion.  *Hassoun*, 126 F.Supp.2d at 361.

Plaintiffs' proposed claims are futile.  Defendants do however have standing to contest the

proposed amendments to the Complaint adding proposed Plaintiff, Jennifer Ascolese's *per quod*

claim, which applies to all Defendants.  The proposed amendments are analyzed in turn below.

**1.      Defendants do not have standing to argue futility
as to the claims against Sjosward**

The proposed claims against Sjosward do not impact the currently named Defendants.

There is no "authority that would ... authorize present parties who are unaffected by the proposed

amendment to assert claims of futility on behalf of the proposed new defendant." *Clark v.*

*Hamilton Mortg. Co.*, No. 07-252, 2008 WL 919612, at \*2 (W.D. Mich. Apr. 2, 2008).

Defendants cite to *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, for the proposition

that a party affected by a proposed amendment to a complaint may have standing to contest a

proposed amendment on futility grounds—even when the proposed amendment does not assert

allegations against the party directly.  (Defendants' Reply Brief ("Defs. Reply Br.") at 2; No. 13-

5592, 2014 WL 988829, at \*2 (D.N.J. Feb. 27, 2014).)  *Custom Pak Brokerage, LLC v. Dandrea*

*Produce, Inc.,* however, does not stand for the proposition Defendants wish to advance, and this

Court is unwilling to broaden the *Custom Pak Brokerage, LLC* holding in such a way.

In *Custom Pak Brokerage, LLC,* plaintiff moved for leave to file an amended complaint.

*Id.* at \*1.  Defendants opposed the motion on futility grounds to the extent that plaintiff sought to

add a new defendant.  The *Custom Pak Brokerage, LLC* Court held that current parties only

possess standing to challenge an amended pleading directed to proposed new parties on the basis

of "undue delay and/or prejudice."  *Id.*  The Court did not create a distinction between existing

parties who are affected by the amendment and those unaffected by the amendment.  *Id.*  If this

Court were to accept Defendants' interpretation of the holding in *Custom Pak Brokerage, LLC,*

any party could conceivably argue that they are "affected" in some way by a proposed

amendment to a complaint and assert a futility argument. *Id*. That is undoubtedly not the result

the Court in *Custom Pak Brokerage, LLC* sought to accomplish.

Both Sjosward and Defendants may challenge the sufficiency of the pleading by way of a

dispositive motion once Sjosward has been named as a party, if appropriate. *Raab Family P'ship*

*v. Borough of Magnolia*, No. 08-5050, 2009 WL 10689669, at *4 (D.N.J. Oct. 30, 2009). This

Court recognizes that the proposed amendments are underwhelming and curiously pleaded;

nevertheless, Defendants do not have standing to challenge the merits of the proposed

amendments as to Sjosword on futility grounds at this time. Because Defendants' futility

arguments as to Sjosward do not address claims against Defendants, the Court rejects

Defendants' futility argument as a basis to deny the Motion.

**2.      Defendants are not prejudiced by the proposed
amendments against Sjosword and there has
been no undue delay to Defendants**

Defendants may not raise a futility argument as to proposed claims against new parties.

Defendants only possess standing to oppose a motion to amend to add new parties on the

grounds that they themselves will be unduly delayed or prejudiced by such an amendment. *Id.*;

*see also*, *e.g.*, *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc.*, 747 F.2d 1396,

1404 (11th Cir. 1984) (affirming the district court's denial of plaintiff's motion to amend to add

fourteen new parties as Defendants, in light of the fact that the current defendants would have

been prejudiced by the delay and expense associated with the "largely repetitious discovery" to

be conducted by new defendants), *reh'g denied*, 755 F.2d 176 (11th Cir. 1985), *cert. denied*, 471

U.S. 1056 (1985); *Serrano Medina v. United States*, 709 F.2d 104, 106 (1st Cir. 1983) (affirming

the district court's denial of plaintiff's motion to amend to add new parties because the

"eleventh-hour amendment would result in undue prejudice to the defendants" and "would

require additional research and discovery"). In the present case, there has been no delay or undue prejudice to Defendants.

The Complaint in this matter was filed in 2015, and in light of the pending, related criminal matter, the case was administratively terminated without prejudice in 2016. (ECF Nos. 9, 52-2.) The trial in the criminal matter began in August 2018 and concluded in October 2018. (ECF No. 39.) This matter was reopened in February 2019 and Plaintiffs sought leave to amend the Complaint in May 2019—a timeframe that is by no means unreasonable. In addition, this is Plaintiffs' first time seeking to amend the Complaint. All claims as to Sjosward are based on new information learned as a result of the criminal case. The Court also notes that the Parties have already agreed to extend fact discovery until December 2019. (ECF No. 48.) All those considerations in mind, the Court finds that there has been no undue delay or prejudice. The Court further finds that judicial economy would in no way be preserved by denying the proposed amendments.

### 3. Defendants Have Standing To Challenge Proposed Plaintiff's *Per Quod* Claim On Futility Grounds

Defendants argue that proposed Plaintiff, Jennifer Ascolese's proposed *per quod* claim should be dismissed as futile for failure to state a claim. (Defs. Br. at 18.) Specifically, Defendants argue that Plaintiffs' proposed Amended Complaint is devoid of any facts in support of Jennifer Ascolese's *per quod* claim. (*Id.* at 18-19.) The proposed *per quod* claim (Count 8 in the Amend. Compl.) applies to all Defendants. As a result, Defendants do in fact have standing to challenge the *per quod* claim on futility grounds because they are directly implicated by the amendment. Nevertheless, this Court finds that Plaintiffs have met their low burden under Rule 15(d) as to the proposed *per quod* claim.

A loss of consortium claim arises from a marital relationship and is based on the loss of a spouse's services and companionship resulting from another's conduct. *Acevedo v. Monsignor Donovan High Sch.*, 420 F.Supp.2d 337, 347 (D.N.J. 2006). The *per quod* claim is derivative of the injured spouse's cause of action but has distinct damages from the injured party's damages. *Panarello v. City of Vineland*, 160 F.Supp.3d 734, 769 (D.N.J. 2016), *on reconsideration in part,* No. 12-4165, 2016 WL 3638108 (D.N.J. July 7, 2016).

This Court has been asked to decide if the facts as alleged in the Amended Complaint could conceivably state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). We find that Plaintiffs' proposed Amended Complaint does not rise to the level of "clearly futile" and does allege sufficient facts to state a claim in support of proposed Plaintiffs' derivative CEPA and LAD claims. *See Ansell Healthcare Prods. LLC v. GlycoBioSciences Inc.,* No. 16-9254, 2018 WL 1169130, at \*3 (D.N.J. Mar. 6, 2018*); see also Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at \*3 (D.N.J. June 9, 2015). At this juncture, Plaintiffs' *per quod* claim satisfies the requirements under Rule 15(a) and Rule 15(d). In addition, for the same reasons that this Court concluded that there has been no undue delay or prejudice to Defendants in relation to the Sjosward amendments, this Court similarly finds that that there has been no undue delay or prejudice to Defendants in relation to the *per quod* claim.

9

**CONSEQUENTLY**, for the reasons set forth above, and for good cause shown:

**IT IS** on this 26th day of November 2019;

**ORDERED** that Plaintiffs' Motion for leave to file an amended complaint (ECF No. 58) shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file a clean version of the Amended Complaint in the form attached to the Motion within twenty (20) days of the date of entry of this Opinion and Order.

*/s/ Edward S. Kiel*
Edward S. Kiel
United States Magistrate Judge